O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE GUTIERREZ HERRERA, | Case No. CV 14-2306-KES |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Jose Gutierrez Herrera appeals the final decision of the Administrative Law Judge ("ALJ") denying his applications for benefits. The Court concludes that the ALJ erred in relying on the testimony of the vocational expert ("VE"). The Commissioner's decision is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

///

///

///

# I.
# BACKGROUND

In August 2011, Plaintiff filed applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Administrative Record ("AR") 177-88. He alleged disability beginning December 28, 2006, because of "[b]i polar," "depression, "right knee" problems, "right arm problems," and "right knee and right arm arthritis." AR 19. The ALJ found that Plaintiff had severe impairments of depression, anxiety, left-hand carpal-tunnel syndrome, left-hand osteoarthritis, left-knee patellar tendinitis, and left-knee chondromalacia patella. AR 21. He found that Plaintiff was able to perform medium work with additional limitations. AR 23. Based on the testimony of a VE, the ALJ determined that jobs existed in significant numbers in the national economy that Plaintiff could perform and therefore found him not disabled. AR 27.

# II.
# ISSUES PRESENTED

The parties dispute whether the ALJ (1) failed to adequately consider medical evidence of Plaintiff's mental-health limitations and diabetes; (2) failed to properly assess statements from Plaintiff, his wife, his friend, and an agency employee; and (3) erred in relying on the VE's testimony. See Joint Stipulation ("JS") at 4.

# III.
# DISCUSSION

**A.    Remand Is Warranted Because the ALJ Erred in Relying on the VE's Testimony at Step Five**

Plaintiff contends that the ALJ erred in failing to include in hypotheticals presented to the VE that Plaintiff had completed only first grade, spoke no English, and was illiterate. JS at 22-23.

At step five, the Commissioner has the burden to demonstrate that the claimant can perform some work that exists in significant numbers in the national or regional economy, taking into account the claimant's RFC, age, education, and work experience. Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999); 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1560(c), 416.960(c). An ALJ may satisfy that burden by asking a VE a hypothetical question reflecting all the claimant's limitations that are supported by the record. Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); see Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002). In order to rely on a VE's testimony regarding the requirements of a particular job, an ALJ must inquire whether his testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00–4p, 2000 WL 1898704, at *4 (Dec. 4, 2000)). When such a conflict exists, the ALJ may accept VE testimony that contradicts the DOT only if the record contains "persuasive evidence to support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (internal quotation marks omitted); see also Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008).

The ALJ presented two hypotheticals to the VE, for which he was to "assume a hypothetical individual of the past jobs you've just described," namely, Plaintiff's past relevant work as a kitchen helper and garment cutter. AR 57-58. The ALJ first presented a hypothetical person of Plaintiff's work experience who was capable of medium work with some additional physical limitations and was restricted to simple tasks, simple work-related decisions, and only occasional interaction with the public. AR 58. The VE testified that such a person could not perform Plaintiff's past relevant work but could perform the positions of laundry laborer, stores laborer, and garment folder. See AR 58-59; DOT 361.687-018 (laundry laborer), available at 1991 WL 672992; DOT 922.687-058 (stores laborer), available at 1991 WL 688132;

DOT 789.687-066 (garment folder), available at 1991 WL 681266. In response to a second hypothetical, the VE testified that if the same person were limited to sedentary work, he would be unemployable. AR 60.

Thus, although the hypotheticals incorporated Plaintiff's employment history and the physical and mental restrictions found credible by the ALJ, they did not include his education, language, and literacy limitations. That Plaintiff does not speak, read, or write English does not by itself make him disabled. See Pinto, 249 F.3d at 847 ("A claimant is not per se disabled if he or she is illiterate."). Indeed, Plaintiff's past relevant work is a testament to his employability despite his inability to speak English. See Donahue v. Barnhart, 279 F.3d 441, 445 (7th Cir. 2002); Landeros v. Astrue, No. 11-7156, 2012 WL 2700384, at *5 (C.D. Cal. July 6, 2012). That said, "[i]lliteracy seriously impacts an individual's ability to perform work-related functions such as understanding and following instructions, communicating in the workplace, and responding appropriately to supervision." Pinto, 249 F.3d at 846. An ALJ is therefore required to consider the impact of a claimant's English illiteracy upon his ability to find and perform jobs listed in the DOT. Id. at 846-47 (holding that ALJ was required to "definitively explain" how claimant's English illiteracy related to ALJ's finding that she could perform past relevant work as generally performed (citing Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (holding that an "ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation"))); see also Linares v. Colvin, No. 14-3524, 2014 WL 5528404, at *5 (C.D. Cal. Oct. 31, 2014) (finding conflict between VE's testimony that non-English-speaking claimant could perform job and DOT description indicating need for Level 1 Language skills); Diaz v. Astrue, No. 08-0445, 2009 WL 176316, at *4 (C.D. Cal. Jan. 26, 2009) (same).

Here, the VE was aware of Plaintiff's English illiteracy, having attended

the administrative hearing, at which Plaintiff relied on a Spanish-language interpreter, appeared unable to read the numbers on his Social Security card, and testified that he had completed only first grade. See AR 34, 38-41, 57 (VE confirming that he read Plaintiff's vocational file and listened to his testimony). Moreover, each of the jobs identified by the VE required only Level 1 language skills, which is the lowest level in the DOT and thus the most likely to accommodate an inability to speak English. See DOT 361.687-018, available at 1991 WL 672992; DOT 922.687-058, available at 1991 WL 688132; DOT 789.687-066, available at 1991 WL 681266; Donahue, 279 F.3d at 444-45 (noting that every job in DOT requires at least Level 1 language skills); Landeros, 2012 WL 2700384, at *5 (noting that to find that non-English-speaking claimant "could not perform her past relevant work as a factory helper because it requires level-one language development . . . would be to find that every illiterate or non-English-speaking plaintiff is per se disabled regardless of their work history"); Meza v. Astrue, No. 09-1402, 2011 WL 11499, at *21 (N.D. Cal. Jan. 4, 2011) (rejecting argument that illiterate, Spanish-speaking plaintiff incapable of performing work requiring level-one language development). Thus, the VE appears to have considered Plaintiff's English illiteracy in identifying potential jobs.

      Neither the ALJ nor the VE, however, explicitly addressed the impact of Plaintiff's English illiteracy upon his ability to perform these jobs, as was required. Pinto, 249 F.3d at 847; Johnson, 60 F.3d at 1435. It was the Commissioner's burden to show that Plaintiff could perform jobs available in significant numbers in the economy. Tackett, 180 F.3d at 1100. Moreover, given that Plaintiff was unrepresented at the administrative hearing, the ALJ had a "heightened" duty to "fully and fairly develop the record and to assure that the claimant's interests [we]re considered." Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003) (internal quotation marks omitted). That duty is

triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). In this case, although the VE testified that Plaintiff could perform the jobs of laundry laborer, stores laborer, and garment folder, and although he likely considered Plaintiff's English illiteracy in selecting jobs with Level 1 language requirements, neither he nor the ALJ addressed the extent to which Plaintiff's illiteracy would prevent him from acquiring or performing these positions. See, e.g., Ryan v. Astrue, No. 11-7420, 2012 WL 994635, at *4 (C.D. Cal. Mar. 21, 2012) (remanding when VE failed to explain to what extent number of identified jobs would be eroded if hypothetical individual was illiterate); Zepeda v. Astrue, No. 10-0693, 2011 WL 1134324, at *16 (E.D. Cal. Mar. 25, 2011) (affirming finding that illiterate claimant could perform jobs identified by VE when VE explained deviation from DOT and eroded number of jobs to account for claimant's illiteracy). Because the ALJ failed to secure persuasive evidence to support the deviation from the DOT, his step-five finding was not supported by substantial evidence. See Johnson, 60 F.3d at 1435; Ryan, 2012 WL 994635, at *4; see also Pinto, 249 F.3d at 847 (noting that ALJ's failure to elicit adequate explanation from VE left court with "nothing to review" (internal quotation marks omitted)). Remand is warranted.

Because the Court concludes that the ALJ erred in relying on the VE's testimony, the Court does not decide whether the other issues raised in the Joint Stipulation would independently warrant relief. Upon remand, the ALJ may wish to consider Plaintiff's other claims of error.

**B.    Remand for Further Proceedings Is Appropriate**

When an ALJ errs in denying benefits, the Court generally has discretion to remand for further proceedings. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). When no useful purpose would be served by

further administrative proceedings, however, or when the record has been fully developed, it is appropriate under the "credit-as-true" rule to direct an immediate award of benefits. See <u>id.</u> at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); <u>Garrison v. Colvin</u>, 759 F.3d 995, 1019-20 (9th Cir. 2014); <u>Treichler v. Comm'r of Soc. Sec. Admin.</u>, 775 F.3d 1090, 1100-01 (9th Cir. 2014).

Here, remand for further proceedings is appropriate. Because the ALJ erred failing to seek an explanation from the VE for his departure from the DOT, the ALJ's step-five determination is not supported by substantial evidence. On remand, the ALJ must elicit additional VE testimony regarding Plaintiff's ability to work despite his language and literacy limitations.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), judgment be entered reversing the decision of the Social Security Commissioner and remanding this matter for further proceedings consistent with this opinion.

Dated: <u>September 16, 2015</u>

_____
KAREN E. SCOTT
United States Magistrate Judge